UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY LOFTON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

    Defendant.

**DECISION & ORDER**
17-CV-6709-JWF

**Preliminary Statement**

Plaintiff Ricky Lofton ("plaintiff" or "Lofton") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 12, 14. For the reasons that follow, plaintiff's motion (Docket # 12) is **granted,** the Commissioner's motion (Docket # 14) is **denied**, and the case is remanded for additional proceedings.

**Factual Background and Procedural History**

Plaintiff filed his application for DIB on July 24, 2014, alleging disability beginning on June 10, 2014. Administrative Record ("AR") at 200. Plaintiff's application for DIB was denied on September 17, 2014, and plaintiff requested a hearing. AR at

1

132. Plaintiff appeared at the video hearing before Administrative Law Judge Richard E. Guida ("the ALJ") with his attorney, Glenn Pezzulo, Esq., on November 24, 2015. AR at 106-07. Plaintiff and a vocational expert testified at the hearing. Id.

At the time of the hearing, plaintiff was a 48-year-old former fireman who was forced to retire from the fire department due to injuries to his back and neck. AR at 116-17. ALJ Guida determined plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, and obesity. The ALJ determined that plaintiff's medical records showed "significant abnormalities that prevented plaintiff from engaging in full-time competitive employment at the light exertional level or higher." AR at 93. However, the ALJ found that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work and therefore was not disabled. AR at 91.

In making this determination the ALJ considered the opinion of Dr. Harbinder Toor, who performed a consultative examination of the plaintiff on September 9, 2014 at the request of the Commissioner. Dr. Toor's opinion, which was the only functional assessment opinion in the record, found, inter alia, that plaintiff had difficulty with heel-to-toe walking, could only squat at 20 percent of full, had difficulty getting on and off the examination table and rising from a chair, could not perform cervical or lumbar spine extension, had restricted cervical and lumbar spine range of

2

motion in all directions, tested positive in a straight leg raise test both sitting and supine at 20 degrees, had "tingling" in his left arm, left hand, and both legs, and a 40 percent reduction (3/5) in left hand grip strength. Dr. Toor noted plaintiff had "mild to moderate difficulty grasping, holding, writing, tying the shoelace, zipping the zipper, manipulating the coin or holding objects with the left hand." AR at 363. Based on his examination, Dr. Toor determined that plaintiff had "moderate to severe" limitations in standing, walking, squatting, bending, lifting, and rotating his cervical spine, moderate limitations in sitting for a long time, and mild to moderate limitations in pushing, pulling, reaching with his left shoulder and engaging in fine motor activity with his left hand. Id. The ALJ decided to give "little weight" to the functional limitation opinions of Dr. Toor, finding them to be inconsistent with other examinations of plaintiff and contrary to plaintiff's "activities". AR at 93.

The ALJ issued his unfavorable decision on December 17, 2015. AR at 95. Plaintiff timely filed a request for review by the Appeals Council ("AC") and submitted additional evidence to the AC that was not before the ALJ. AR at 3-4. The additional evidence included an RFC evaluation completed on April 16, 2016 by Dr. Sandra Boehlert of Blossom Road Family Medicine in Rochester, New York. In that evaluation, which included both narrative and "check box" medical findings and functional assessments, Dr. Boehlert

3

opined that plaintiff suffers from paresthesia in his left hand, limited range of motion and radiating pain in his neck, limited range of motion and radiating pain in his back, and pain in his feet. According to Dr. Boehlert, plaintiff may not lift more than ten pounds, may not stand, walk, or sit more than two hours in an eight-hour work day, should not climb, balance, stoop, crouch, kneel, or crawl and that his ability to reach, handle, feel, push, and pull are limited by his physical impairments. Dr. Boehlert also opined that plaintiff's fine motor activity in his left hand is impaired. It was Dr. Boehlert's opinion that plaintiff was completely disabled from competitive full-time employment. AR at 502-04.

On August 17, 2017, the AC denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR at 3. According to the AC, the new evidence plaintiff submitted, including the RFC opinion of Dr. Boehlert, could not be considered because "it does not relate to the period at issue." AR at 4. The AC informed plaintiff that if "you want us to consider whether you were disabled after December 17, 2015, you need to apply [for disability] again." AR at 4. Plaintiff then commenced this appeal.

## Discussion

"Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council must consider additional evidence that a claimant submits after

4

the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." Hollinsworth v. Colvin, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016); Hightower v. Colvin, No. 12-cv-6475T, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013)("[t]he Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision."). Where "the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded." Webster v. Colvin, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

The Court agrees with plaintiff that the Commissioner's reasoning as to why it would not consider the new evidence he submitted to the AC was error. The medical opinions that the AC refused to consider here are clearly new and material. Based on my review of the record, I also find that these records, and particularly Dr. Boehlert's RFC evaluation and assessment, clearly pertain to the relevant time period.

"It is well-established that 'medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing.'" Siracuse v. Colvin, No. 14-CV-6681P, 2016 WL 1054758, at *7 (W.D.N.Y. Mar. 17, 2016) (quoting Newbury v. Astrue, 321 F. App'x 16, at *2 n.2 (2d Cir. 2009)). "Additional evidence may relate to the relevant time period even if it concerns events after

5

the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." Hightower, 2013 WL 3784155, at *3.

In Webster v. Colvin, 215 F. Supp. 3d 237 (W.D.N.Y. 2016), Judge Geraci examined whether the AC's "categorical refusal to consider new and material evidence solely because it was created after the ALJ's decision" was reversible error. Id. at 242. In Webster, the court stated that the new evidence of plaintiff's back condition could demonstrate that the condition worsened, or it could clarify a pre-hearing disability and suggest that the condition during the relevant time period was worse than previously thought. Id. at 243. The court ultimately determined that it could not "assess whether the new evidence relate[d] to the period on or before the ALJ's decision," but that the AC's "cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, is insufficient." Id.

Similarly, here, the AC appears to have summarily rejected Dr. Boehlert's opinions simply because the additional evidence "does not relate to the period at issue" without analyzing whether the substance of the opinions was related to plaintiff's pre-hearing medical deficits. It certainly appears that the conditions and limitations Dr. Boehlert was opining about are the same neck, back, and feet issues that are described in detail in plaintiff's

6

pre-hearing medical record. There is nothing in Dr. Boehlert's RFC evaluation or office notes that would suggest that she was treating plaintiff for <u>new</u> conditions or for symptomology that had suddenly <u>worsened</u> in the five-month period between the ALJ's decision and the date of the RFC assessment. Indeed, the clinical findings and opinions contained in Dr. Boehlert's April 2016 functional assessment are remarkably <u>similar</u> to the clinical findings and functional assessment set forth in Dr. Toor's report completed in September 2014 – thus reasonably suggesting that the "new" evidence "pertains to the same condition[s] previously complained of by the plaintiff." <u>Hightower</u>, 2013 WL 3784155, at *3.

The failure to consider this evidence was not harmless error. <u>Leonard v. Colvin</u>, No. 15-CV-5757(NG), 2017 WL 496072, at *5 (E.D.N.Y. Feb. 6, 2017) ("[i]f the Appeals Council relied exclusively on the date of the evidence [in not considering it], this conclusion is certainly wrong, as the date alone of new evidence is not determinative if it relates back to the relevant period."); <u>Tracy v. Apfel</u>, No. 97-CV-4357(JG), 1998 WL 765137, at *6 (E.D.N.Y. Apr. 22, 1998) ("[w]hile new evidence does not require remand where it proves only a later-acquired disability or subsequent deterioration of the previously non-disabling condition, later developments which shed light on the seriousness of the claimant's condition at the time of the ALJ's decision are

7

relevant.")(internal citations omitted).

Dr. Boehlert was a treating physician whose opinion would ordinarily be deserving of enhanced weight and, had the AC accepted Dr. Boehlert's RFC opinions, they would clearly undermine the ALJ's decision. The only other functional assessment in the pre-hearing medical record was that of Dr. Toor, and the ALJ assigned it "little weight" because he found that it was not substantiated by other medical evidence. The functional assessment by Dr. Boehlert was certainly corroborative of Dr. Toor's assessment. This evidence was new, material to several of the severe impairments found by the ALJ, and arguably related to the time period at issue. By refusing to consider it the AC erred and accordingly the Commissioner's decision finding plaintiff not disabled is not supported by substantial evidence.[1]

## Conclusion

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 12) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 14) is **denied**. The case is remanded for further proceedings consistent with this Decision and Order.

---

[1] The Court need not determine whether good cause existed for the claimant's failure to submit the additional evidence shown to the AC to the ALJ, as the "good cause" rule went into effect on May 1, 2017, after plaintiff's claim was filed. See Pennetta v. Comm'r of Soc. Sec., 18-CV-6093-FPG, 2019 WL 156263, at *3 n.4 (W.D.N.Y. Jan. 10, 2019).

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 15, 2019
Rochester, New York